Chief Justice Simpsok
delivered the opinion of the Court.
Rice exhibited a bill in chancery against Downing, in which he alleged, that as the surety of the latter, he executed jointly with him, a note to Wanescott, for the sum of sixty-six dollars, being for the rent of a house in the town of Richmond ; which note was not then due, and the rent was unpaid. He further' alleged that Downing had no property except a horse, a cow, and his household and kitchen furniture; all of which was on the property rented from Wanescott, and ón which the latter, as landlord, had a lien for his rent, to which he, the complainant by substitution, had a right in equity. He charged, “that said Downing was about, to, and would, unless restrained,.remove said property out of the county of Madison, with the intent, and to the effect of defeating said lien, and of hindering and delaying fraudulently the collection of said debt.” He made Downing and Wanescott defendants, and obtained an attachment against the former.
The Circuit Court, upon final hearing, discharged the attachment and dismissed the bill; and Rice prosecutes this writ of error to reverse that decree.
The main question is — Had a Court of Equity jurisdiction, upon the case made out in the bill ?
The proceeding was not authorized by the act of 1828: (2 Stat. Law, 1441.) That act authorizes the surety to sue out an attachment, when his principal is about to remove himself or his property from this Commonwealth, before he has discharged the debt, whether the same be due or not; but it does not authorize him to sue out an attachment, upon the ground that his *45 principal is about to remove the property merely out of the county where he resides.
A surety who pays the debt of: his principal has; a right in equity - to be substituted! to all the securities, liens, and equities of the creditor for the debt: (1 Story’s Sanity, 478; 2 John. Chy. Rep 560; 4 lb. 123;) but this right only accrues upon the payment of the debt. Tho’ he may, when the debt becomes due, by bill in equity, compel the creditor to enforce hjs demand against the principal debtor.
Nor is the case embraced by the act of 1838: (3 Stat. Law, 116,) which applies alone to creditors, and furnishes them with a remedy when their debtor is about to make a fraudulent disposition of his property, with the intent of cheating, hindering, or delaying creditors in collecting their debts. A surity is not a creditor until he pays the debt, and is not therefore one of that class of persons designated by the provisions of the act
The Virginia statute of 1748 (2 Stat. Law, 1351) is relied upon as applicable to this case. That statute authorizes a landlord where his tenant is about to remove his effects out of the county, before the expiration of the term, to sue out a common law attachment, to secure the payment of the rent when it becomes due.— The landlord could have proceeded under that statute in the present case, but it isat least questionable whether it would have authorized him to have instituted a suit in chancery and proceeded therein, by attachment, as the surety has done. Be this however as it may, it gives no remedy, either-at common law or in equity to the surety.
It is contended however, that upon alease of a house within the limits of a town, a landlord has alien for his rent, whether due or not, on all the tenant’s household furniture, and that a surety can, by substitution, enforce this lien in a Court of Chancery.
The principle is well settled, that a surety who pays a debt, is entitled to stand in the place of the creditor, as to all securities, liens and equities, which he may have to secure the payment of the debt: (1. Story’s Equity, 478; 2 John. Ch. Rep. 560; 4 John Ch. Rep. 123.) But this right only accrues to the surety, upon the payment of the debt, until which time his only remedy, independent of statutory regulations upon the subjecUAtrby bill in chancery when the debt becomes due, to insist on its payment, and to require the creditor to enforce his demand against the principal debtor.
A complainant twho has no right ,io relief upon ,the facts suited iin his bill, has no right to claim .a reversal on the ground that all iihe proper par-dies are not before the Court.
The surety in this case, not having paid the debt, was not entitled to an equitable substitution, either to the rights or the remedies of the creditor against the principal, and the case not being embraced by any statutory provision, the suit could not be maintained by him.
The plaintiff in error, not having been entitled to any relief upon the case presented by him, has no right to a reversal of the decree, if all the proper parties were not before the Court.
Wherefore the decree is affirmed.
Turner for plaintiff; Burnam for defendant.